Trisna v. Holder

BIA
Chew, IJ
A099 686 959
A099 686 960

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of October, two thousand ten.

PRESENT:
> ROBERT A. KATZMANN,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

WITA TRISNA, ROBY SETIAWAN,
> *Petitioners*,

> v.

ERIC H. HOLDER, JR., U.S.
ATTORNEY GENERAL
> *Respondent*.

09-2845-ag
NAC

_____

FOR PETITIONERS:       H. Raymond Fasano, Madeo & Fasano, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Dawn S. Conrad, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Wita Trisna and Roby Setiawan, natives and citizens of Indonesia, seek review of a June 5, 2009 order of the BIA affirming the August 27, 2007 decision of Immigration Judge ("IJ") George T. Chew denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wita Trisna, Roby Setiawan*, Nos. A099 686 959/960 (B.I.A. June 5, 2009), *aff'g* Nos. A099 686 959/960 (Immig. Ct. N.Y. City Aug. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir.

2008).  The Court "review[s] *de novo* questions of law and the application of law to undisputed fact."  *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Reasonably relying on country reports of record indicating the Indonesian government's support of racial, ethnic, and religious tolerance, the agency found that petitioners did not establish a pattern or practice of persecution of ethnic Chinese, Buddhist, or non-Muslim persons in Indonesia.  Specifically, the BIA noted that: (1) the Indonesian government has repealed its ban on the practice of Chinese religion, beliefs, and customs; (2) the Chinese New Year is publicly celebrated in Indonesian cities; (3) the Chinese language is taught and spoken in Indonesia; and (4) Buddhism is an officially recognized religion of Indonesia.

Petitioners do not challenge these findings, and instead argue that the agency failed to address their evidence concerning the rise of radical Islam in Indonesia. However, "we presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise."  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).

3

Far from demonstrating that the agency ignored any material evidence, the record indicates that the agency explicitly addressed the country conditions evidence upon which petitioners rely for their assertion that conditions for Chinese Buddhists have deteriorated in Indonesia. In fact, most of the evidence of violence in Indonesia concerns violence against Christians or Muslims, not against persons of Chinese ethnicity or Buddhist faith. Thus, the agency reasonably determined that the petitioners failed to establish a well-founded fear of future persecution or a pattern or practice of persecution against Chinese Buddhists, as needed to demonstrate their eligibility for asylum, *see Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009), or to meet the higher standard required for withholding of removal*, see INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4